UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHABBY APPLE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. _____ |
| v. ) | Judge _____ |
| ) | Magistrate Judge _____ |
| MELISSA LOFTIS and KELSIE ) | |
| MCCLAIN, individually and DBA ) | |
| "THE SHABBY APPLE," and "THE ) | |
| SHABBY APPLE," a partnership ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## COMPLAINT

Plaintiff Shabby Apple, LLC ("Plaintiff"), by and through its attorneys, Patterson Intellectual Property Law, P.C., files this complaint for trademark infringement and unfair competition against Defendants Melissa Loftis and Kelsie McClain, both individually and dba "The Shabby Apple," and "The Shabby Apple," a partnership (individuals, dba, and partnership collectively the "Defendants") and states as follows:

## PARTIES

1. Shabby Apple, LLC is a limited liability company organized under the laws of the State of Utah with its principal place of business at 4060 South 500 West #6, Murray, Utah, 84123, and does business nationwide.

2. Upon information and belief, Defendant Melissa Loftis ("Loftis") is an individual who is a citizen of Tennessee and resident of Cookeville, Tennessee.

3. Upon information and belief, Defendant Kelsie McClain ("McClain") is an individual who is a citizen of Tennessee and resident of Cookeville, Tennessee.

4. Upon information and belief, Loftis and McClain are doing business with one another under the name "The Shabby Apple" with a principal place of business at 701 East Spring Road, Cookeville, Tennessee, 38501.

5. Upon information and belief, Defendant "The Shabby Apple" is a partnership between Loftis and McClain, formed under the laws of Tennessee and doing business in Cookeville, Tennessee.

## JURISDICTION

6. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this district, and 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## BACKGROUND

8. Plaintiff Shabby Apple, LLC is an online retailer of women's and children's clothing, jewelry, and other related items.

9. Over the past decade, Plaintiff has developed a national brand marketing and selling retail goods under the "SHABBY APPLE" mark.

10. Plaintiff is the owner of multiple trademarks and trademark registrations for "SHABBY APPLE" variants and derivatives (hereinafter "SHABBY APPLE TRADEMARKS"), more specifically:

   a. Plaintiff is the owner of valid and subsisting U.S. Trademark Registration No. 3,501,776 for the trademark "SHABBY APPLE" in connection with "on-line retail store services featuring dresses, accessories for women and children, namely bracelets, necklaces, belts, earrings, headbands, and hairclips," for which a true and correct copy of the registration certificate issued by the United States Patent and Trademark Office ("USPTO") is attached hereto as Exhibit A;

   b. Plaintiff is the owner of valid and subsisting U.S. Trademark Registration No. 4,167,167 for the trademark "SHABBY APPLE" in connection with "brooches; hair bands; hair ornaments; ribbons," for which a true and correct copy of the registration certificate issued by the USPTO is attached hereto as Exhibit B;

   c. Plaintiff is the owner of U.S. Trademark Registration No. 4,167,771 for the trademark "SHABBY APPLE" in connection with "aprons; athletic tights; baby bibs not of paper; baby bottoms; baby tops; bathing suits; bathrobes; beach cover-ups; belts for clothing; blouses; bottoms; bridesmaid dresses; camisoles; children's and infant's apparel, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; clam diggers; dresses; gym pants; Halloween costumes; headbands; headbands for clothing; hooded pullovers; leggings; maternity clothing, namely, dresses, blouses, pants; polo knit tops; polo shirts; skirts; sundresses;

3

swimsuits; swimwear; tee shirts; tights; tops; women's clothing, namely shirts, dresses, skirts, blouses," for which a true and correct copy of the registration certificate issued by the USPTO is attached hereto as Exhibit C;

d. Plaintiff is the owner of U.S. Trademark Registration No. 4,167,772 for the trademark "SHABBY APPLE" in connection with "jewelry," for which a true and correct copy of the registration certificate issued by the USPTO is attached hereto as Exhibit D;

e. Plaintiff is the owner of U.S. Trademark Registration No. 4,189,522 for the trademark "SHABBY APPLE" in connection with "on-line wholesale and retail store services featuring women's clothing, namely, shirts, dresses, skirts, blouses, brooches, athletic tights, bathing suits, beach cover-ups, bathrobes, blouses, clothing bottoms, bridesmaid dresses, camisoles, children's and infant's apparel, namely, baby tops, baby bottoms, aprons, baby bibs not of paper, jumpers, overall sleepwear, pajamas, rompers and one-piece garments, clam diggers, dresses, gym pants, headbands, Halloween costumes, hooded pullovers, leggings, polo knit tops, polo shirts, skirts and dresses, sundresses, swim wear, swimsuits, tee shirts, tights, clothing tops, women's shoes, belts, and jewelry; operating an on-line shopping site in the field of women's clothing, jewelry, bedding and bath towels; retail clothing boutiques; retail clothing stores; retail stores featuring clothing; wholesale and retail store services featuring clothing," for which a true and correct copy of the registration certificate issued by the USPTO is attached hereto as Exhibit E;

f. Plaintiff is the owner of U.S. Trademark Registration No. 4,710,703 for the following mark:

4

*shabby apple*

      in connection with "athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; beach cover-ups; bridesmaid dresses; dresses; jumper dresses; knit dresses; swimwear; wedding dresses; women's clothing, namely, shirts, dresses, skirts, blouses; woven dresses," for which a true and correct copy of the registration certificate issued by the USPTO is attached hereto as Exhibit F;

11. Plaintiff has used the SHABBY APPLE TRADEMARKS in commerce throughout the United States continuously since at least as early as December 6, 2006 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion the aforementioned goods.

12. Plaintiff maintains and operates a website at the domain name "shabbyapple.com," via which Plaintiff provides information about its business and sells its product under the SHABBY APPLE TRADEMARKS.

13. Plaintiff maintains and operates a Facebook business page available at "facebook.com/shabbyapple."

14. Plaintiff's website and Facebook business page receive millions of visitors annually.

15. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the SHABBY APPLE TRADEMARKS including through Plaintiff's marketing, advertising, and promotional efforts and channels for goods under its mark, such as online via its website and Facebook page and through news, magazine, and

5

periodical coverage, including online and print publications such as Marie Claire, Glamour, Lucky, Redbook, Ladies Home Journal, Teen Vogue, and Oprah Magazine.

16. In the past decade alone, Plaintiff has expended millions of U.S. Dollars on the marketing, advertising, and promotion of the goods sold under the SHABBY APPLE TRADEMARKS.

17. As a result of this extensive use and promotion of the SHABBY APPLE TRADEMARKS, Plaintiff has developed significant and extensive good will in the SHABBY APPLE TRADEMARKS nationally.

18. As a result of its widespread, continuous, and exclusive use of the SHABBY APPLE TRADEMARKS to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the SHABBY APPLE TRADEMARKS.

19. As a result of its distinctiveness and widespread use and promotion throughout the united states, Plaintiff's SHABBY APPLE TRADEMARKS are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to Defendants' acts alleged herein.

20. The Shabby APPLE TRADEMARKS are distinctive to both the consuming public and to Plaintiff's trade.

21. Upon information and belief, Defendants are engaged in the marketing and sale of baby and children's clothing and related services such as monogramming and embroidery for clothing.

22. Upon information and belief, on or before May 30, 2016, Defendants reserved a Facebook business profile at "facebook.com/theshabbyapple," adding the article "the" in front of the "SHABBY APPLE" trademark.

23. Upon information and belief, on or around May of 2016, Defendants applied for a business license with the State of Tennessee under the name "The Shabby Apple."

24. Upon information and belief, in June of 2016, Defendants opened a retail store in Cookeville, Tennessee using the trademark "Shabby Apple" on the store marquis, receipts, marketing materials, and other media associated with their store.

25. Defendants use and have used the trademark "Shabby Apple" on their Facebook page to describe their business retail services, including "Shopping/Retail – Baby & Children's Clothing Store," and "the Ultimate children's boutique." A screenshot of Defendants' Facebook page is attached hereto as Exhibit G.

26. In June of 2016, Plaintiff's managing member discovered Defendants' use of the trademark "Shabby Apple" and contacted Defendants' store at the number listed on their Facebook profile.

27. Plaintiff's managing member spoke with Defendant McCain and informed her that Defendants were infringing upon the SHABBY APPLE TRADEMARKS and must cease and desist from such use.

28. McCain indicated to Plaintiff's managing member that she would consult with Loftis and determine the steps necessary for compliance.

29. In November of 2016, Defendants had not ceased use of the "Shabby Apple" trademark and were continuing to advertise their clothing and retail store as "Shabby Apple."

30. Defendants' use of the SHABBY APPLE TRADEMARKS is not authorized by Plaintiff.

31. Defendants' use of the SHABBY APPLE TRADEMARKS is neither fair use nor in good faith.

32. By using "Shabby Apple" to market their products through their retail store and online, Defendants are using the SHABBY APPLE TRADEMARKS in a manner likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation. Such display of "Shabby Apple" on their Facebook page and on the store marquis, receipts, marketing materials, and other media associated with their store constitutes an infringing act. By doing business as "The Shabby Apple," Defendants are holding themselves out as affiliated with Plaintiff.

33. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's SHABBY APPLE TRADEMARKS, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods to Defendants.

## CAUSES OF ACTION

### *Count I – Trademark Infringement*

34. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

35. Defendants' unauthorized use in commerce of the SHABBY APPLE TRADEMARKS as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Defendants' conduct relating to the use of the SHABBY APPLE TRADEMARKS is without the permission of Plaintiff.

37. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the SHABBY APPLE TRADEMARKS and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

38. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this law. Plaintiff has no adequate remedy at law.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§1116, 1117, together with prejudgment and post-judgment interest.

### *Count II – Federal Unfair Competition and False Designation of Origin*

40. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

41. Defendants' unauthorized use in commerce of the SHABBY APPLE TRADEMARKS as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

42. Defendants' conduct as alleged herein is willful and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

43. Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Defendants' goods and services.

44. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy of law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonably attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### *Count III – Federal Trademark Dilution*

47. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

48. Plaintiff's SHABBY APPLE TRADEMARKS are distinctive and "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Plaintiff's SHABBY APPLE TRADEMARKS became distinctive and famous prior to the Defendants' acts as alleged herein.

50. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to damage Plaintiff, which has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, and award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action

under Sections 34 and 35 of the Lanham Act, 15 U.S.C. § 1116, 1117, together with prejudgment and post-judgment interest.

### *Count IV – Tennessee Unfair and Deceptive Trade Practices*

52. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

53. Defendants' conduct as alleged herein is intended to falsely pass off their goods and services as those of Plaintiff's.

54. Defendants' conduct as alleged herein is causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of its goods or services.

55. Defendants' conduct as alleged herein is causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff of Defendants' goods and services.

56. Defendants' conduct as alleged herein constitutes unfair and deceptive trade practices in violation of Section 104(b) of the Tennessee Consumer Protection Act of 1977, T.C.A. § 47-18-104.

57. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy of law.

58. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonably attorneys' fees, and costs

11

of the action under Sections 109(a), (b), and (e) of the Tennessee Consumer Protection Act of 1977, T.C.A. § 47-18-109, together with prejudgment and post-judgment interest.

### *Count V – Tennessee Injury to Business Reputation, Dilution*

59. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

60. Plaintiff's SHABBY APPLE TRADEMARKS are distinctive and "famous" within the meaning of Section 513(a) and (b) of the Tennessee Trade Mark Act of 2000, T.C.A. § 74-25-513.

61. Plaintiff's SHABBY APPLE TRADEMARKS became distinctive and famous prior to the Defendants' acts as alleged herein.

62. Defendants' acts as alleged herein are intentional and willful in violation of Section 513(b) of the Tennessee Trade Mark Act of 2000, T.C.A. § 47-25-501 *et seq*. and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to damage Plaintiff, which has no adequate remedy at law.

63. Plaintiff is entitled to, among other relief, and award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 513 and 514 of the Tennessee Trade Mark Act of 2000, T.C.A. § 47-25-501 *et seq*., together with prejudgment and post-judgment interest.

### *Count VI – Common Law Unfair Competition*

64. Plaintiff realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

65. Defendants' use of "Shabby Apple" is so similar to Plaintiff's SHABBY APPLE TRADEMARKS that it is deceiving to the public as to the origin, source, sponsorship, or affiliation of the Defendants' goods and services.

66. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy of law.

67. Defendants' unlawful usurpation of Plaintiff's rights and property constitutes unfair competition under the common laws of Tennessee.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That the Court enter injunctive relief, ordering that Defendants, as well as all of Defendants' officers, agents, servants, employees, attorneys, successors in interest, and all others in active concert or participation with them, are enjoined and restrained from:

(1) manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any goods or services bearing the SHABBY APPLE TRADEMARKS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SHABBY APPLE TRADEMARKS;

(2) engaging in any conduct that infringes Plaintiff's rights in its SHABBY APPLE TRADEMARKS;

(3) engaging in any activity constituting unfair competition with Plaintiff;

(4) engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's SHABBY APPLE TRADEMARKS;

(5) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to belief that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(6) using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(7) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the SHABBY APPLE TRADEMARKS or any other mark that infringes or is likely to be confused with Plaintiff's SHABBY APPLE TRADEMARKS, or any goods or services of Plaintiff, or Plaintiff as their source; and

(8) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (7);

B. Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the

14

SHABBY APPLE TRADEMARKS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SHABBY APPLE TRADEMARKS mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the SHABBY APPLE TRADEMARKS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's SHABBY APPLE TRADEMARKS, and to immediately remove them from public access and view;

C. That the Court enter permanent injunctive relief ordering Defendants, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, or such extended period as the court may direct, specifying under oath and in detail the manner and form in which Defendants have complied with the injunction and order of this Court;

D. That the Court award Plaintiff damages, an accounting of all profits realized by its wrongful acts, enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

E. That the Court award Plaintiff multiplied damages in an amount up to three times the amount of its actual damages because of Defendants' willful wrongful conduct;

15

F.  That the Court award Plaintiff costs and reasonable attorneys' fees and costs;

G.  That the Court award Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

H.  That the Court award such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, respectfully demands a trial by jury of any issues triable of right by a jury.

RESPECTFULLY SUBMITTED, this 8th day of December, 2016

_____
Ryan D. Levy (BPR 24568)
John F. Triggs (BPR 26718)
Patterson Intellectual Property Law, P.C.
Suite 500, Roundabout Plaza
1600 Division Street
Nashville, TN 37203
(615) 242-2400
rdl@iplawgroup.com

*Attorney for Plaintiff Shabby Apple, LLC*